RYTTENBERG v. KEELS.

1. DECREE—PARTIES—ATTORNEYS.—In action by judgment creditor, after *nulla bona* return, to set aside an assignment for creditors, and have the assigned assets applied to plaintiff's judgment, no decree can be rendered for or against other judgment creditors who were not parties to the action, even though their rights were contended for by an attorney at law, who was before the court as agent for creditors under the deed of assignment,

and was their attorney in obtaining their judgments; nor should the court direct any part of the assigned estate to be turned over to these absent judgment creditors, when their judgments were not established in this case.

2. ASSIGNMENT VACATED—ASSETS—APPLICATION.—The assignment having been set aside, it was as if it had never been executed, and the property in the hands of the assignee and agent was applicable to the judgments against the assignor; and plaintiff's judgment being alleged in the complaint and admitted by the answer, and none others proved, the fund should have been decreed to be payable to plaintiff.

3. ACTION—NULLA BONA RETURN.—And plaintiff being the only creditor who had obtained a *nulla bona* return on execution, he alone was in a position to maintain such an action.

4. APPEAL—EXCEPTIONS.—The Circuit decree having adjudged that plaintiff was not estopped from bringing this action by reason of a prior understanding between the creditors, and there being no exception to this determination, the question cannot be considered on appeal.

5. AGREEMENT—ESTOPPEL.—It would seem that where two creditors agree that they will not accept the offer of preference made in a deed of assignment by their common debtor in favor of releasing creditors, and that they would also advise other creditors not to release, so that, after receiving their *pro rata* share of the assigned estate, they might obtain judgment for the unpaid balance; and afterwards the two creditors both obtain judgment before receiving any payment from the assigned estate, and one of them issues execution and obtains a return of *nulla bona*, there is nothing in such agreement which estops him from claiming the benefit of the preference which the *nulla bona* enabled him to acquire.

6. DECREE—ABSENT PARTIES.—A judgment in favor of creditors cannot affect the right of other creditors who are not parties to the action to institute proceedings to assert and protect their interests.

Before WITHERSPOON, J., Sumter, May, 1892.

Action by J. Ryttenberg & Sons against Charles R. Keels and others.   The Circuit decree was as follows:

The plaintiffs are judgment creditors of the defendants, Charles R. Keels and James R. Nelson, recently engaged in mercantile business under the firm name of Keels, Nelson & Co.   The defendant, B. B. Clarke, was appointed assignee, and the defendant, C. L. Winkler, has been selected as agent for creditors, under a deed of assignment executed in January, A. D. 1892, by the defendants, Charles R. Keels and James R. Nelson, for the benefit of the creditors of said firm of Keels,

Nelson & Co.; a return of *nulla bona* has been made upon plaintiffs' judgment, and this action has been instituted by the plaintiffs to set aside as null and void the deed of assignment executed by the defendants, Charles R. Keels and James R. Nelson, as aforesaid, on the following grounds: 1. Because said deed does not purport, and does not in fact convey all of the assets of said copartnership. 2. Because said deed undertakes to make a preference between creditors. 3. Because said deed unlawfully exacts releases from all creditors before they can participate under said deed. 4. Because said deed creates a resulting trust in favor of the assignors as against all creditors who do not release their debts. 5. Because said deed places it out of the power of plaintiffs to collect their judgment, except in a court of equity.

The complaint demands that said deed be declared null and void, and that the funds in the hands of the assignees be, first applied to the payment of the plaintiffs' judgments. The execution of the assignment is admitted, as well as the appointment of B. B. Clarke as assignee, and the selection of C. L. Winkler as agent of creditors. In their answers the defendants, Clarke and Winkler, each deny that the deed of assignment is null and void, as alleged in the complaint. The defendant, Winkler, further alleges that plaintiffs are estopped by their conduct from assailing said deed. The cause was heard upon the pleadings, an agreed statement of facts, and evidence taken at the hearing. It is admitted that one E. Cameron Keels, together with the defendants, Charles R. Keels and James R. Nelson, composed the firm of Keels, Nelson & Co. at the time that plaintiffs' debt was contracted; that the said E. Cameron Keels withdrew from said firm when the deed of assignment was executed by the other members of the firm, who continued business under said firm name.

The deed recites that Charles R. Keels and James R. Nelson, doing business under the firm name of Keels, Nelson & Co., are justly indebted in the sum of $3,000, more or less; that they are desirous of paying all of their creditors *pro rata*, and that they are about to be sued by some of their creditors, who will get advantage over others unless they provide against such

a result. The deed then proceeds to "transfer, assign, set over and deliver to the said B. B. Clarke all of our stock of groceries, hardware, crockeryware, dry goods, shoes, notions, drugs and medicines, hats, tinware and merchandise of every class, kind and description, now in our store, situate at Hagood, in the county and State aforesaid, also all of our accounts, notes, bonds and other choses in action in connection with our said business as merchants. In trust, nevertheless, that the said B. B. Clarke shall hold said property as assignee for and on behalf of our creditors; and in further trust, that the said B. B. Clarke, as assignee, shall at once notify our said creditors of this assignment, and shall proceed to sell as advantageously as is possible, and divide the proceeds *pro rata* among our said creditors: provided, however, they shall accept under this assignment within thirty days from date and execute a written release. In consideration of services rendered us by our said assignee, B. B. Clarke, said services being of a professional and legal nature, we hereby agree to pay him the sum of one hundred dollars, said sum to be derived from the sale of said estate of merchandise hereinbefore mentioned." The portion of the assignment above quoted, contains the only provision in said deed for the payment of creditors. It is admitted that the assigned estate was duly converted into cash, and it appears that the sum of $381.25 so realized was deposited in bank to the joint credit of the assignee and the agent of creditors. It is also admitted that B. B. Clarke has been paid out of said fund one hundred dollars, as provided under the deed of assignment.

The first point that will be considered is whether the plaintiffs are estopped by their conduct from assailing the deed of assignment. It appears that Marcus G. Ryttenberg, one of the plaintiffs, attended a meeting of the creditors of Keels, Nelson & Co. on the 8th of February, 1892, called by B. B. Clarke, the assignee under said deed, to select an agent for said creditors, and that he filed plaintiffs' claim with the assignee; C. L. Winkler, Esq., also attended the said meeting of the said creditors, representing the claim of J. A. Wilbur & Son, amounting to $586.03, and the claims of J. C. H. Claussen & Co., amounting to $957.37, these two claims amounting to more than half of the

liabilities of the firm of Keels, Nelson & Co. The deed of assignment was read over by Mr. Marcus G. Ryttenberg, and his attention was called by Mr. Winkler to some defect appearing on the face of the deed, especially to the $100 allowed B. B. Clarke as excessive. Upon the motion of Mr. Ryttenberg, representing plaintiffs' claim now in judgment, C. L. Winkler was selected and commenced to act with the assignee as agent of the creditors. Mr. Winkler told Mr. Ryttenberg that he had an offer to sell the stock of goods in bulk, and Mr. Ryttenberg advised him to accept the offer, which was done. The stock was sold for $381.25, and the amount deposited in bank to the joint credit of the assignee and the agent of creditors.

After the adjournment of the meeting of the creditors, Mr. Ryttenberg called upon Mr. Winkler, and stated to him that he was not satisfied with the showing made by the assignee; that only a small per cent. could be realized by the creditors from the assigned estate; that he, Marcus G. Ryttenberg, would not release plaintiffs' claim, and would advise other creditors not to release their claims; that the assets to be realized from the assigned estate could be distributed *pro rata* among the creditors, and the creditors could get judgment against the assignors for the balance due on their claims. The plaintiffs have not released their debt. They have not derived any benefit from the assignment, and I conclude that plaintiffs are not estopped from assailing the deed of assignment as fraudulent.

Is the deed of assignment fraudulent and void upon its face, as alleged in the complaint? The deed purports to be an assignment by copartners of partnership property for the purpose of paying partnership creditors. It includes all of the assets of the assignors connected with the mercantile business at Hagood. There is no evidence tending to show that the assignors had any other partnership property, and I conclude that the deed cannot be set aside as a fraudulent assignment.

It seems to me that the third and fourth grounds relied upon by the plaintiffs present fatal objections to the validity of the deed of assignment. The deed contains but one provision for the payment of the debts of creditors, and under that single

provision all creditors are compelled to release their debts
before they can derive any benefit under the assignment.   A
deed of assignment which exacts releases, and does not provide
for such creditors as refuse or neglect to release their claims
within the time limited, is null and void under section 2014 of
the General Statutes.   Where any benefit is either expressly
or impliedly reserved or secured to the debtor in preference to
the recusant creditor by the terms of the assignment, it is null
and void under Statute 13th Elizabeth, as well as under the
statutes of this State regulating assignments by insolvent
debtors.   As none of the creditors have released their claims
within the time limited by the terms of the deed of assignment
under consideration, a trust is created or arises in favor of the
assignors, to the prejudice of the creditors of the assignors.   I
conclude that the deed of assignment under consideration is
null and void upon its face, upon the third and fourth grounds
relied upon by the plaintiffs, for the reasons above stated.

I do not think that the second ground relied upon by plain-
tiffs, relating to the compensation allowed to B. B. Clarke under
the deed, is sufficient to authorize the setting aside of the deed
of assignment.

As the deed of assignment must be declared null and void,
are the plaintiffs entitled to have the $381.25 in the hands of
the defendants, B. B. Clarke and C. L. Winkler, applied first
to the payment of their judgment, as was done in the cases of
*Jacot* v. *Corbett et al.*, Chev. Eq., 71, and *Claflin & Co.* v. *Iseman*,
23 S. C., 416?   In the cases cited, it does not appear that more
than one creditor had obtained judgment against the assignors.
It does not appear that the judgment creditor in either of said
cases participated in a meeting of the creditors, and advised
with other creditors as to the best policy to be pursued by cred-
itors to secure a *pro rata* distribution of the proceeds of the
assigned estate.   It appears in this case, that T. A. Wilbur &
Son, one of the creditors of the assignors, represented by C. L.
Winkler, Esq., obtained judgment against the assignors upon
a portion of their claim prior to the date of the plaintiffs' judg-
ment, and that judgment was obtained upon the balance of said
claim, as well as upon the claim of J. C. H. Claussen & Co.,

represented by C. L. Winkler, Esq., at the same term of the court and of equal rank and date with the plaintiffs' judgment, which amounts to $475.28.

The plaintiffs cannot, therefore, claim that they are entitled to be preferred in equity upon the ground of diligence. In refusing or neglecting to release under the assignment, all of the creditors stand upon the same footing. Mr. Winkler testifies that he took judgment against the assignors upon the claims that he represented, believing that the policy suggested to him, and advised by Mr. Marcus G. Ryttenberg, as to the *pro rata* distribution of the proceeds of the assigned estate, would be carried out. Under these circumstances, it is difficult to understand upon what principle of equity the plaintiffs can claim that their judgment should be paid out of the funds in the hands of the assignee and agent to the exclusion of the claims of the other judgment creditors of the assignors. The plaintiffs, J. Ryttenberg & Sons, T. A. Wilbur & Sons, and J. C. H. Claussen & Co., are the only creditors who appear to have obtained judgments against the assignors. In seeking equity, the plaintiffs must do equity.

I conclude that $381.25 in the hands of the assignee and the agent of creditors, after paying the costs of this action, should be applied *pro rata* to the judgments of the Court of Common Pleas for Sumter County, obtained by the plaintiffs, J. Ryttenberg & Sons, T. A. Wilbur & Son, and J. C. H. Claussen & Co., against Keels, Nelson & Co. I find, as matter of law, that the deed of assignment executed on the        day of January, 1892, by Charles R. Keels and James R. Nelson, doing business under the firm name of Keels, Nelson & Co., is null and void. It is ordered and adjudged, that the deed of assignment executed on the        day of January, 1892, by Charles R. Keels and James R. Nelson to B. B. Clarke as assignee, for the benefit of the creditors of Keels, Nelson & Co., be, and the same is hereby, declared null and void. It is further ordered, that the defendants, B. B. Clarke and C. L. Winkler, do apply the $381.25 realized by them from the sale of the stock of goods of Keels, Nelson & Co., first, to the payment of the costs of this action, and that they then apply the balance of said fund *pro*

*rata* to the judgments of the Court of Common Pleas for Sumter County of the plaintiffs, J. Ryttenberg & Sons, T. A. Wilbur & Son, and J. C. H. Claussen & Co., against Keels, Nelson & Co., referred to in this decree.

*Messrs. Lee & Moise,* for appellants.

*Messrs. C. L. Winkler* and *J. D. Kennedy,* contra.

April 21, 1893.   The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER.   It appears from the plead‑ ings and other proceedings in this case that the two first named defendants, composing the firm of Keels, Nelson & Co. at the time (another member of the firm having previously with‑ drawn), on the        day of January, 1892, executed a deed of assignment for the benefit of their creditors to the defendant, B. B. Clarke, who, in pursuance of the statute, called the cre‑ ditors together on the 8th of February, 1892, for the purpose of appointing an agent of the creditors.   The only persons who attended that meeting were Marcus G. Ryttenberg, one of the members of the plaintiff firm, who represented the claim of the plaintiffs, as well as that of Frank & Adler, and the defendant, C. L. Winkler, who, as attorney at law, represented the claims of Wilbur & Son and Claussen & Co.   At that meeting the de‑ fendant, C. L. Winkler, was, on motion of said Marcus G. Ryttenberg, appointed agent.   On that day, after the meeting had adjourned, the creditors thus represented, not being satis‑ fied with the showing made, agreed not to accept the terms of the assignment, and Ryttenberg proposed to write to the other creditors so soon as he could obtain a list of them from the as‑ signee, informing them of their agreement and advising them not to accept; but Ryttenberg, failing to obtain a list of the creditors from the assignee, did not carry out his proposition. It turned out, however, that none of the creditors accepted the terms of the assignment.

On the 16th or 17th of February, 1892, the stock of goods, constituting the principal portion of the assigned estate, was sold by the assignee and agent, and the proceeds deposited to their joint credit in one of the Camden banks.   Subsequently

thereto, one of the claims of Wilbur & Son was put in judgment before a trial justice, a transcript of which was duly filed in the clerk's office on the 9th of March, 1892, and subsequently thereto, to wit: on or about the 17th of March, 1892, judgments were duly recovered in the Court of Common Pleas on the other claim of Wilbur & Son, as well as on the claims of Claussen & Co. and the plaintiffs, but when the actions were commenced in which these several judgments were recovered does not appear. No executions were issued to enforce the judgments recovered by Wilbur & Son and Claussen & Co., but the plaintiffs did issue execution upon their judgment and the same was returned *nulla bona* on the 18th of March, 1892, and thereupon the present action was commenced on the 22d of March, 1892. The object of the action is, *first*, to set aside the assignment, and, *second*, to have the property purporting to be transferred thereby, or the proceeds of such as has been sold, applied to the payment of the judgment in favor of the plaintiffs.

The Circuit Judge in his decree (which should be incorporated in the report of this case) rendered judgment setting aside the assignment as null and void, but denied plaintiffs' right to have the proceeds of the assigned property applied, first, to the plaintiffs' judgment, and, on the contrary, directed that such proceeds be applied *pro rata* to the payment of the judgments of plaintiffs, Wilbur & Son and Claussen & Co. From this judgment plaintiffs appeal upon the following grounds, substantially: 1st. Because of error "in requiring the fund in question to be pro rated among the judgments of the plaintiffs, T. A. Wilbur & Son and J. C. H. Claussen & Co., the plaintiffs claiming the entire fund on the ground that they were the only judgment creditors who issued execution and moved to set aside the deed." 2d. "Because neither the said Wilbur & Son nor Claussen & Co. were before the court."

Taking up these grounds in their inverse order, it will be observed that neither Wilbur & Son nor Claussen & Co. were made parties to this action, nor does it appear that any effort was made to bring them in as parties; and, therefore, we are at a loss to conceive how any judgment

could be rendered either for or against them in an action to
which they were not parties. Surely the fact that the defend-
ant, Winkler, who was made a party simply as agent of the
creditors, under the alleged deed of assignment, undertook to
represent them in his professional capacity as an attorney at
law in a case to which they were never made parties in any of
the modes recognized by law, cannot have the effect of bringing
them before the court and rendering them amenable to the
jurisdiction of the court. They would not be bound by, and,
therefore, can claim no benefit from any judgment rendered in
a case to which they were not properly made parties. The
conclusive test of this is that if the Circuit Judge had under-
taken to decide adversely to their rights or claims, that would
have been no bar to another action instituted by them to assert
such rights or claims, for the simple reason that they were not
parties to the action in which such adverse judgment was ren-
dered. But in addition to this the alleged judgments in favor
of Wilbur & Son and Claussen & Co. were never established in
this case, and, therefore, for that reason, if there were no other,
it was error to order any portion of the fund in question to be
applied towards their payment. For, although the defendant,
Winkler, did in his answer undertake, without any legal au-
thority so far as we can perceive, to set up these judgments,
yet they were never offered in evidence and never established
as still subsisting demands against the alleged judgment debt-
ors, Keels, Nelson & Co., in any of the modes recognized by
law. The plaintiffs, however, not only allege in their com-
plaint the recovery of their judgment, but they also allege that
no part thereof has been paid; and these allegations not being
denied by the judgment debtors, and practically admitted by
the answer of the assignee, must be taken to be true.

It seems to us clear, therefore, that the plaintiffs, being the
only parties before the court who have shown any right to the
fund in question, it was error to adjudge that any portion
of said fund, shown to be insufficient to satisfy plaintiffs'
judgment, should be applied towards the payment of
other claims, which, while it is quite possible may be valid
demands against the persons whose property produced the

fund, have never yet been shown so to be. When it was adjudged that the assignment should be set aside as null and void, it is the same as if it had never existed (*Gracey* v. *Davis*, 3 Strob. Eq., 58), and hence the defendants, Clarke and Winkler, in this case, stand practically before the court as individuals who are found in possession of property of Keels, Nelson & Co. which they acquired illegally, and which, therefore, is liable in their hands to be subjected to the payment of the debts of Keels, Nelson & Co.; and as the plaintiffs are the only creditors who have taken the proper steps to subject such property, or rather the proceeds of its sale, to the payment of debts, they were entitled to a judgment that the same be paid to them. Of course, in using the term "illegally" in the foregoing sentence, it is not to be understood as implying even the slightest imputation upon either Mr. Clarke or Mr. Winkler, but simply to indicate that the assignment under which they acquired the possession of the property having been adjudged to be a nullity, they acquired no legal rights under that instrument, and are, therefore, in possession without the authority of law. It seems to us, therefore, that, under this view of the case, the judgment below was erroneous, and should be reversed.

There is, also, another view which confirms that conclusion. The plaintiffs being the only creditors who had sued out execution upon their judgment, and had the same returned *nulla bona*, were the only creditors who were in a position to institute an action like this. *Hendricks* v. *Robinson*, 2 Johns. Ch., 283; *McDermutt* v. *Strong*, 4 *Id.*, 687; *Day* v. *Washburn*, 24 How., 352; and especially the case of *The Freedman's Saving & Trust Co.* v. *Earle*, 110 U. S., 710, where the whole subject is elaborately considered. Our own cases of *Rhodes* v. *Casey*, 20 S. C., 491, *Claflin* v. *Iseman*, 23 *Id.*, 416, and *Curlee* v. *Rembert*, 37 *Id.*, 214, while not exactly in point, tend to support this view. But we need not go into any extended observations to support this view, for two reasons: First, because we think our conclusion can be fully sustained upon the ground first considered; and second, because the opinion of Mr. Justice Matthews in the case of the *Freedman's Saving & Trust Co.* v. *Earle, supra,* is so full and satisfactory that we need only to

refer to that case as containing the argument and authorities upon which we rely.

It is, however, earnestly urged by the counsel for respondents that the plaintiffs are estopped from taking this position by the understanding between the plaintiffs and Mr. Winkler as the representative of the other creditors, Wilbur & Son and Claussen & Co., who had failed to sue out executions on their judgment, as set forth in the decree of the Circuit Judge. While it may be possible, though we are not to be understood as so holding, that such understanding might have been sufficient to estop the plaintiffs from proceeding to set aside the assignment, we are unable to understand how it could have any effect in estopping the plaintiffs from using the advantage which they had acquired by reason of their superior diligence in suing out their execution and instituting this action for their own benefit. But the Circuit Judge having held that the plaintiffs were not estopped from bringing this action to set aside the assignment, and there being no exception to, or appeal from, such holding, that matter must be regarded as finally concluded, so far, at least, as the parties to this case are concerned.

It only remains, therefore, to consider whether such understanding could operate so as to estop the plaintiffs from using their advantage acquired as above stated. The understanding, as stated in Mr. Winkler's answer, was as follows: That after the meeting of creditors, called for the purpose of appointing an agent to represent them, had adjourned, M. G. Ryttenberg, one of the plaintiffs, representing their claim, "proposed to this defendant that, as the assigned estate was small, if the said Wilbur & Son and Claussen & Co. would not execute releases, he would not release his claim against the said assigned firm, and that he would write to all the other creditors, advising them not to release their claims; so that, if no creditor released, the assets of the assigned estate, after paying the costs and expenses of the assignment, could be pro rated among all the creditors, who could then get judgment against the assignors for the balance of their demands, the said Ryttenberg stating that he would put the matter in the hands

of his attorneys, Messrs. Lee & Moise, of Sumter, and instruct them to act in accordance with said proposition, viz: to abide by the assignment if no creditor should release; that this defendant agreed to said proposition, and he did, upon the faith that the plaintiffs would perform their part of said agreement, refuse for said creditors represented by him to release their said claims, and he advised other creditors to do likewise."

Now while this arrangement as thus stated does look very much like an agreement that the assignment should be allowed to stand, *in which event* the assets of the assigned estate would be pro rated amongst *all* the creditors, of whom there appears to have been several others besides the plaintiffs and those represented by Mr. Winkler, we see nothing in it which even intimates any understanding as to what was to be done in the event, which did occur, of setting aside the assignment. Manifestly the arrangement did not and could not have contemplated any such event as that which actually did occur, as that would be contemplating an event not only inconsistent but entirely at variance with the manifest purpose of the arrangement. When, therefore, the attack, which proved to be successful, was commenced against the assignment, the previous arrangement was necessarily abrogated, and each party was left to pursue his own course. Indeed, it would seem as if both parties disregarded the arrangement, in one respect at least—for the understanding, as stated, was that the assignment was to be allowed to stand, and the assets derived therefrom to be pro rated amongst all of the creditors, and *then* the creditors could obtain judgment for *the balance* remaining unpaid by the assigned assets; and yet both the plaintiffs and the creditors represented by Mr. Winkler, before any distribution of such assets, proceeded to obtain judgments for the whole amount due them. We do not see anything in the understanding between the parties which could have the effect of estopping the plaintiffs from claiming the advantage acquired by their superior diligence.

The judgment of this court is, that the judgment of the Circuit Court be so modified as to conform to the views herein announced, and that the case be remanded to that court for such further proceedings as may be necessary to carry

out such views. Of course, this judgment cannot affect the right of any of the other creditors who are not parties to this action to institute such proceedings as they may be advised to assert and protect their rights.