In the Matter of INTER–PAC, INC., Bankrupt.

Bankruptcy No. 78–367.

United States Bankruptcy Court, D. South Carolina.

June 4, 1980.

W.E.S. Robinson, Columbia, S.C., for trustee.

Philip Wittenberg, Sumter, S.C., for claimant.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The trustee objects to the allowance of Glenn C. Dodson's claim as a secured claim.

Dodson (claimant) has filed a proof of claim for $44,340.75, taking the position that his claim is secured by virtue of prior judicial proceedings, and restraining orders issued therein, in a state court action commenced by him prior to the filing of the petition in bankruptcy by Inter-Pac, Inc. (bankrupt) wherein he obtained a judgment against the bankrupt. Execution was issued and a *nulla bona* return made by the sheriff. At this point, supplementary proceedings were instituted pursuant to the Code of Laws of South Carolina (1976), § 15–39–310, *et seq.* (Cum.Supp.1979); the state court judge issued an order forbidding the bankrupt to make any transfer or disposition of its property pending the outcome of the proceedings. It is upon this order that claimant bases his claim of secured status.

### ISSUE

Does a judgment creditor obtain a perfected lien upon personal property of the judgment debtor by virtue of a judicial order restraining the debtor from disposing of property pending the outcome of supplementary proceedings?

### DISCUSSION

#### I

██ The claimant acknowledges that, as to personal property capable of levy, no lien attaches until actual levy is made. However, he argues that the law is different

regarding choses in action that cannot be reached through levy (accounts receivable in this case) because this type of personal property can only be reached through supplementary proceedings. *McManus v. Bank of Greenwood,* 171 S.C. 84, 171 S.E. 473 (1933); *FCX, Inc. v. Long Meadow Farms, Inc.,* 269 S.C. 202, 237 S.E.2d 50 (1977). The claimant contends that since he cannot levy upon a chose in action, he should be granted a lien as of the time the supplementary proceedings were instituted and the order was issued restraining the bankrupt from transferring his property.

While this argument may have appeal, the law on the subject is clear in South Carolina.

In *United States v. Southern Growth Industries, Inc.,* 251 S.C. 404, 162 S.E.2d 849 (1968), the court held that the judgment creditor of an insolvent debtor who had done nothing to reduce the personal property of the debtor to possession prior to the appointment of a receiver, and had failed to locate any of the insolvent company's assets against which there could be an attachment or a levy, did not have a specific and perfected lien upon the personal property in the hands of the receiver. There the court construed § 15–39–100, *supra,* to mean there can be no specific and perfected lien on personal property until it is bound by actual attachment or levy.

A close reading of *Southern Growth Industries, Inc., supra,* reveals a marked parallel between the legal issue in that case and the issue before this court. The facts are almost identical. In each case, a creditor obtained a judgment and entered it on the state court's record; a writ of execution was issued on the judgment; and, subsequently, the writ was returned *nulla bona.* Each creditor then instituted supplementary proceedings.

As is the case here, the issue in *Southern Growth Industries* demanded a legal determination of whether *vel non* the judgment creditor could obtain a specific and perfected lien upon personal property by virtue of having instituted supplementary proceedings against the judgment debtor. A reso-lution of this issue requires the examination of the same statute that the court construed in *Southern Growth Industries* in which the court analyzed the terms "attachment" and "levy" in an effort to determine if the creditor had instituted, or performed, any acts that could legally satisfy one of these two determinants.

Attachment as defined by *Black's Law Dictionary* is "the act or process of taking, apprehending, or seizing persons or property; by virtue of a writ, summons, or other judicial order and bringing the same into custody of the law." The same dictionary defines levy as "to assess, raise, execute, exact, collect, gather, take up, seize."

The creditor in *Southern Growth Industries* could not posit himself within either definition; neither can the claimant here.

The South Carolina common law requirements for attachment and levy are referred to in *McManus v. Greenwood, supra,* wherein the court held that the sheriff must reduce personalty of the judgment debtor to actual possession, or bring it within his immediate control, in order to accomplish levy of execution.

The claimant has done nothing to attach or levy on any personal property of Inter-Pac, Inc., either prior to the appointment of the trustee or since that appointment, which reduced Inter-Pac's personal property to possession. The most that can be said for the claimant is that he diligently tried to execute and locate assets, but failed.

### II

The claimant claims an equitable lien because he was diligent in initiating supplementary proceedings. While, in South Carolina, a judgment creditor has been granted a preference over other judgment creditors where he initiates supplementary proceedings that uncover additional assets, *Ex Parte Roddey,* 171 S.C. 489, 172 S.E. 866 (1934), the South Carolina Supreme Court has admonished that such relief should be sparingly granted in a case that does not involve the uncovering of a previously known asset. *FCX, Inc. v.*

**488**

*Meadow Farms, Inc., supra.* In any event, we know of no South Carolina case in which the court has granted a lien to such a judgment creditor.

## CONCLUSION
 The claimant's judgment does not constitute a lien against the bankrupt estate's assets; his claim is not secured.

## ORDER
Therefore, it is ORDERED, ADJUDGED AND DECREED that the claim of Glenn C. Dodson (Proof of Claim No. 12) be disallowed as a secured claim, but allowed as an unsecured claim in the amount of $44,-340.75.