**In the Matter of INTER–PAC, INC., Bankrupt,**

**Glenn C. DODSON, Appellant,**

v.

**Robert F. ANDERSON, as Trustee for Inter-Pac, Inc., Respondent.**

Civ. A. No. 80–1615–15.

United States District Court, D. South Carolina, Florence Division.

June 29, 1982.

Philipp Wittenberg, Sumter, S.C., for appellant.

William E.S. Robinson, Columbia, S.C., for respondent.

## ORDER

HAMILTON, District Judge.

This matter is before the court on appeal from the order of the Honorable J. Bratton Davis, United States Bankruptcy Judge, filed June 4, 1980, 36 B.R. 486, disallowing appellant's claim as secured against assets of respondent, a bankrupt corporation. The parties have stipulated that this appeal solely raises one legal issue. Accordingly, I affirm the order of the bankruptcy court.

## FACTS

Inter-Pac, Inc., is a bankrupt under the provisions of the United States Bankruptcy Act. The trustee has objected to the allow-

ance of Glenn C. Dodson's claim as a secured claim, but he allows it as an unsecured claim against this bankruptcy estate.

Dodson (appellant) has filed a proof of claim for $44,340.75, taking the position that his claim is secured by virtue of prior judicial proceedings, and restraining order issued therein, in a state court action commenced by him prior to the filing of the involuntary petition in bankruptcy against Inter-Pac, Inc. (bankrupt). He had earlier obtained a judgment; execution was issued; and a *nulla bona* return made by the sheriff. At this point, supplementary proceedings were instituted pursuant to the Code of Laws of South Carolina (1976) § 15–39–310, *et seq.* (Cum.Supp.1979). The Honorable David W. Harwell, Judge of the Twelfth Judicial Circuit of South Carolina, issued an order dated April 11, 1978, forbidding the bankrupt from making any transfer or disposition of its property pending the outcome of the proceedings.[1] It is upon this restraining order that claimant bases his claim of secured status.

### ISSUE

The sole legal issue presented in this appeal is whether under South Carolina law a judgment creditor obtains a perfected lien upon personal property of the judgment debtor by virtue of a judicial order restraining the debtor from disposing of property pending the outcome of supplementary proceedings.

### DISCUSSION

#### I.

The appellant acknowledges that, as to personal property capable of levy, no lien attaches until actual levy is made. However, he argues that the law is different regarding choses in action that cannot be reached through levy (accounts receivable in this case) because this type of personal property can only be reached through supplementary proceedings. *McManus v. Bank*

of *Greenwood,* 171 S.C. 84, 171 S.E. 473 (1933); *FCX, Inc. v. Long Meadow Farms, Inc.,* 269 S.C. 202, 237 S.E.2d 50 (1977). The appellant further contends that since he cannot levy upon a chose in action, he should be granted a lien as of the time the supplementary proceedings were instituted and the order was issued restraining the bankrupt from transferring his property.

As the bankruptcy court noted, while the appellant's argument may have appeal, the law on the subject is clear in South Carolina.

In *United States v. Southern Growth Industries, Inc.,* 251 S.C. 404, 162 S.E.2d 849 (1968), the court held that the judgment creditor of an insolvent debtor who had done nothing to reduce the personal property of the debtor to possession prior to the appointment of a receiver, did not have a specific and perfected lien upon the personal property in the hands of the receiver. There the court construed § 15–39–100 to mean that there can be no specific and perfected lien on personal property until it is bound by actual attachment or levy.

The appellant asserts that *Southern Growth Industries* is not controlling because the situation in that case is not similar to the instant situation. In making such assertion, the appellant fails to present any significant differences existing between the two situations. This court concurs with the conclusion of the bankruptcy court that the *Southern Growth Industries* decision is controlling.

A close reading of *Southern Growth Industries* reveals a marked parallel between the legal issue in that case and the legal issue before this court. The facts are almost identical. In each case, a creditor obtained a judgment and entered it on the state court's record; a writ of execution was issued on the judgment; and, subsequently, the writ was returned *nulla bona.* Each creditor then instituted supplementary proceedings.

---

1. The pertinent part of the order provides as follows: "you are hereby, restrained and forbidden from making any transfer or other disposition of any of said property and assets, real, personal, or mixed."

As in the case here, the issue in *Southern Growth Industries* demanded a legal determination of whether *vel non* the judgment creditor could obtain a specific and perfected lien upon personal property by virtue of having instituted supplementary proceedings against the judgment debtor. A resolution of this issue requires the examination of the same statute that the court construed in *Southern Growth Industries* in which that court analyzed the terms "attachment" and "levy" in an effort to determine if the creditor had instituted, or performed, any acts that could legally satisfy one of these two determinations.

Attachment as defined by *Black's Law Dictionary* is "the act or process of taking, apprehending, or seizing persons or property, by virtue of writ, summons, or other judicial order and bringing the same into custody of the law." The same dictionary defines levy as "to assess, raise, execute, exact, collect, gather, take up, seize."

The creditor in *Southern Growth Industries* could not bring himself within either definition; neither can the appellant here.

The South Carolina common law requirements for attachment and levy are referred to in *McManus v. Bank of Greenwood, supra,* wherein the court held that the sheriff must reduce personalty of the judgment debtor to actual possession, or bring it within his immediate control, in order to accomplish levy of execution.

■ It is significant that the appellant has done nothing to attach or levy on any personal property of Inter-Pac, Inc., either prior to the appointment of the trustee or since that appointment, which reduced Inter-Pac's personal property to possession. The most that can be said for the appellant is that he diligently tried to execute and locate assets, but failed.

The appellant contends that he obtained a "statutory restraint" which effectively constitutes a lien on the bankrupt's choses in action. As authority for this proposition, the appellant cites *McConnell v. Wolcott,* 70 Kan. 375, 78 P. 848 (1904). This cited case is not directly on point. There is no support under the Code of Laws of South Carolina (1976) or under the case law of South Carolina for the appellant's contention.

The appellant in this case has argued that the intangible nature of the assets involved in this case left him with no other method of satisfying his judgment. Clearly the supplementary proceeding was the course for the appellant to pursue, but the appellant's argument is flawed because he did not fully exhaust the provisions of the South Carolina law. The appellant failed to seek an order under § 15–39–410 for the court in the supplementary proceedings to attach the receivables he claims he discovered. Also, it would be necessary that the court, at a § 15–39–410 hearing, hear and settle any issues of ownership by possible third parties in the subject receivables. *Palmetto Bank & Trust Company v. McCown-Clark Co.,* 143 S.C. 98, 141 S.E. 155 (1928). The appellant's argument fails.

II.

At an earlier stage in these proceedings, the appellant claimed an equitable lien because he was diligent in initiating supplementary proceedings. This issue, although not raised on appeal by stipulation of the parties, was addressed by the bankruptcy court. While not necessary to the ruling of this appeal, this court has nevertheless reviewed the matter and is of the view the conclusions of the bankruptcy court are correct and represent an accurate interpretation of South Carolina law on the point. While in South Carolina a judgment creditor has been granted a preference over other judgment creditors where he initiates supplementary proceedings that uncover additional assets, *Ex Parte Roddey,* 171 S.C. 489, 172 S.E. 866 (1934), the South Carolina Supreme Court has admonished that such relief should be sparingly granted in a case that does not involve the uncovering of an unknown asset. *FCX, Inc. v. Long Meadow Farms, Inc., supra.* This court is not aware of any South Carolina case in which such a judgment creditor has been granted a lien.

CONCLUSION

The appellant's judgment does not constitute a lien against the bankrupt estate's assets; his claim is not secured, but should be allowed as an unsecured claim.

ORDER

Therefore, it is ORDERED, ADJUDGED AND DECREED that the order of the Honorable J. Bratton Davis, United States Bankruptcy Judge, filed June 4, 1980, is affirmed.

IT IS SO ORDERED at Columbia, South Carolina, this 29th day of June, 1982.