THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ken H. Lester, Respondent,
 v.
 Glen P. Straker, Carl C. Hendricks, Jr., P.J. Tanner, Sheriff of
 Beaufort County Respondents,   
 And
 Carolyn Songer Austin, Appellant.
 
 
 

 

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge
Unpublished Opinion No. 2009-UP-385
Heard May 5, 2009  Filed July 8, 2009
AFFIRMED 

 
 
 
 Matthew
 A. Gess, of Beaufort, for Appellant.
 Harold
 A. Boney, Jr., of Beaufort, and Mark H. Lund, III, of Hilton Head, for
 Respondents.
 
 
 

PER
 CURIAM: 
 In this declaratory judgment action concerning the rights and priorities of
 three judgment creditors of Carl C. Hendricks, Jr., the circuit court granted
 summary judgment in favor of judgment creditors Ken H. Lester and Glen P.
 Straker and ordered distribution of sufficient funds to satisfy their judgments. 
 Judgment creditor Carolyn Songer Austin appeals, asserting Lester is barred
 from claiming an interest in the funds on the ground his judgment was not
 enforced within the ten year period for execution.  In the alternative, Austin
 asserts the trial court erred in failing to distribute the funds between the
 three judgment creditors on a pro rata basis.  
While
 Austin argues supplementary proceedings are not a prerequisite for a judgment
 creditor to enforce its judgment, this case involves property of the judgment debtor
 in the hands of a third party that could not be reached absent an order obtained
 in supplementary proceedings.  Because Lester and Straker obtained orders in
 supplementary proceedings for levy and attachment of the subject property within
 the ten year period for execution and Austin did not, we affirm the order of
 the circuit court pursuant to Rule 220(b), SCACR, and the following
 authorities:  Rule 69, SCRCP ("Process to enforce a judgment for the
 payment of money shall be by writ of execution . . . ."); S.C. Code Ann. §
 15-39-30 (2005) ("Executions may issue upon final judgments or decrees at
 any time within ten years from the date of the original entry thereof and shall
 have active energy during such period . . . ."); Johnson v. Serv. Mgmt.,
 Inc., 319 S.C. 165, 168-69, 459 S.E.2d 900, 902-03 (Ct. App. 1995) (holding
 property of judgment debtor in the hands of a third party can be reached after
 supplementary proceedings); U.S. v. S. Growth Indus., Inc., 251 S.C.
 404, 408, 162 S.E.2d 849, 851 (1968) (holding judgment creditor's failure to
 locate assets of debtor against which there could be an attachment or levy
 resulted in a general unperfected lien upon which priority could not be given); Ex Parte Roddey, 171 S.C. 489, 172 S.E. 866 (1934) (holding legal preference
 is acquired by judgment creditor whose diligence discovered property of the
 judgment debtor by way of supplementary proceedings).  
AFFIRMED.
HUFF,
 PIEPER, and GEATHERS, JJ.,  concur.