21900

Michael J. KNAPP and Charles S. Bernstein, individually and formerly co-partners under the name and guise 134 Meeting Street partnership, Plaintiffs-Appellants, v. VICTORY CORPORATION, Appalachian National Life Insurance Company, Henry Yaschik and Frikrosil, of whom: Appalachian National Life Insurance Company is Defendant-Appellant, and Victory Corporation, Henry Yaschik and Frikrosil, are Defendants and of whom Frikrosil is Respondent.

(302 S. E. (2d) 330)

*A. Arthur Rosenblum,* Charleston, *for plaintiffs-appellants.*

*Thomas B. Pollard, Jr.,* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for defendant-appellant.*

*Michael J. Brickman,* of *Brickman & Brickman,* Charleston, *for defendants and respondent.*

April 18, 1983.

NESS, Justice.

Appellants Knapp and Bernstein brought this declaratory judgment action to determine the parties' rights to fire insurance proceeds of $225,000.00. The master-in-equity held the respondent mortgagor was entitled to the proceeds, rather than the mortgagees. We reverse.

The first mortgagee, appellant Appalachian National Life Insurance Company, contends it is entitled to the entire proceeds as the remaining balance on its mortgage exceeds $225,000.00.

Appellants Knapp and Bernstein, holders of a second mortgage on the damaged property, claim entitlement to the proceeds remaining after payment of $160,000.00 to Appalachian. The master held respondent Frikrosil entitled to the entire proceeds because (1) neither mortgage is in default, and (2) the property, even after the fire, is worth more than the remaining mortgage balances.

In its mortgage to Appalachian, respondent agreed to provide fire insurance of $160,000.00. The mortgage to Knapp and Bernstein also required respondent to provide insurance in an unspecified amount, and entitled the mortgagee to receive proceeds in an amount equal to the debt. Additionally, the insurance policy provided:

> Loss to buildings shall be payable to the named mortgagee as interest may appear, under all present or future mortgages on the buildings described in the Declarations in order of precedence of mortgages on them.

The master reasoned the mortgagees would be entitled to the insurance proceeds only if the value of the property fell below the remaining mortgage balances. This conclusion directly contradicts the law in this state.

We have consistently held if the mortgagor is bound by the mortgage to insure the mortgaged property, the mortgagee has an equitable lien on the insurance proceeds. *Blackwell v. State Farm Mutual Automobile Insurance Company*, 237 S. C. 649, 118 S. E. (2d) 701 (1961); *Farmers' & Merchants' National Bank of Lake City v. Moore, et al.*, 135 S. C. 391, 133 S. E. 913 (1926). This is true regardless of the

value of the remaining property; otherwise, a lawsuit would be required to determine the value of the remaining security each time a fire occurs on mortgaged property.

Here, both mortgages required respondent to maintain ■ insurance, and the policy provided for payment upon loss to the mortgagees. We hold the mortgagees have first claim to the insurance proceeds.

We now address Appalachian's claim that the entire proceeds should be applied to the mortgage it holds.

Absent an agreement between the parties, a mortgagee ■■ is generally entitled to receive proceeds to the extent of the debt secured. *Blackwell v. State Farm, supra;* 11 Couch on Insurance (2d) 42:696, et seq. (1971). Here, however, Appalachian agreed that respondent would insure the property for $160,000.00. The mortgage is unambiguous in this regard. Thus, Appalachian is estopped from claiming it is entitled to more than the amount it agreed upon voluntarily. We hold Appalachian is entitled to proceeds of $160,000.00, and Knapp and Bernstein are entitled to the remaining $65,000.00. We reverse and remand for entry of judgment in accordance with this opinion.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.