**In re Luther JONES, Jr. and Peggy A. Jones, Debtors.**

**Bankruptcy No. 89–01489.**

United States Bankruptcy Court, D. South Carolina.

Aug. 8, 1989.

William E.W. Robinson, Columbia, S.C., for movant.

Wm. Keenan Stephenson, Jr., trustee,

H. Jeff McLeod, Anderson, S.C., for debtors.

## ORDER

WILLIAM THURMOND BISHOP, Bankruptcy Judge.

This matter came before the court on the motion filed by William M. Cromley, Jr. (Cromley) for an order lifting the automatic stay imposed by 11 U.S.C. Section 362(a), as the stay affects the certain house and lot located at Route 1, Box 506, Iva, South Carolina.

From the hearing, it appears that on or about October 2, 1986, Cromley and the debtors executed a document entitled "Articles of Agreement for Deed" (Agreement) which was a printed instrument used as a sales contract for the house and lot which is subject of this 362 hearing.

This agreement called for the debtors to pay to Cromley Twelve Thousand One Hundred Eighty–Two and 49/100ths ($12,-182.49) Dollars by paying $200.00 cash at the execution of the agreement, and then paying level monthly payments of $250.00 on or before November 2, 1986, and month-

ly thereafter until the entire amount was paid. The agreement provided for an interest rate of 15% per annum, payable from the monthly payment, on the unpaid principal balance due at the time of the payment. In addition, the debtors were required to pay all "taxes, assessments, or impositions" on the land.

The agreement provided that if the debtors failed to make either the payments required by the agreement, or failed to perform any other covenants required in agreement on their part, Cromley had the option to terminate the contract. The agreement did not require notice of Cromley's electing the option to terminate the agreement. The previous payments made by the debtors upon default were after termination to be treated under the agreement as rents for the house and lot and as liquidation for any damages suffered by Cromley. Lastly, the agreement provided that upon default, Cromley could re-enter and take possession of the premises.

The parties do not disagree that this contract has been in default since September 14, 1988, for failure of the debtors to make the regular monthly payments of $250.00. Further, the debtors do not dispute that they have failed to pay the 1987 and 1988 real property taxes as required by the agreement.

The debtors further have not raised the argument that Cromley did not terminate this contract. The debtors, in fact, in their Statement of Financial Affairs filed with this court in Paragraph 9b of those papers stated that the real estate contract on the house and lot was in fact cancelled by Cromley.

The court then finds that there is no material issue of fact existing between these parties as to the valid termination of the contract between Cromley and the debtors, and further that this termination by Cromley occurred prior to April 21, 1989, the filing date for the debtor's petition for relief under Chapter 13.

The debtors have raised a legal issue as to whether this terminated agreement between the parties is a executory contract or an equitable mortgage. If a contract for deed is an executory contract under applicable state laws, most bankruptcy courts have treated it as an executory contract rather than a mortgage in Bankruptcy proceedings, see *Brown v. First National Bank in Lenox*, 844 F.2d 580 (8th Cir. 1988); *In re: Rancho Chamberino, Inc.*, 89 B.R. 597 (D.C.W.D., Tex.1987).

In this state, the South Carolina Supreme Court has often referred to a land sales contract or contract for sale of land as an executory contract. *Blackwell v. Ryan*, 21 S.C. 112, 121 (1883); *Good v. Jarrard*, 93 S.C. 229, 241, 76 S.E. 698 (1912). Moreover, in *FCX, Inc. v. Long Meadow Farms, Inc.*, 269 S.C. 202, 237 S.E.2d 50 (1977), the South Carolina Court treated a contract for deed as an executory contract which conveyed only an equitable interest to the purchaser.

The debtors have argued that the South Carolina law established in *Dempsey v. Huskey*, 224 S.C. 536, 80 S.E.2d 119 (1954) holds that a contract to sell real estate is an equitable mortgage; however, a reading of that case shows that the case stands for the proposition that upon default, a vendor has a right to foreclose as in case of a mortgage. The *Dempsey* case does not state that the vendor must foreclose nor that the contract was a mortgage.

The Federal District Court of South Carolina has provided the analytical framework for this District to determine rights of parties arising out of their agreements in situations where recognition of those rights are being sought in bankruptcy proceedings. The District Court directs that this court must examine the contractual provisions to determine whether they provide in the contract for certain rights and interests, *Federal Deposit Insurance Corporation vs. Frank E. Baldwin d/b/a Interstate Outboard Advertising*, CA. NOS. 84–568–15, 84–588–15, and 84–589–15, Bankruptcy No. 82–00302, Order dated July 11, 1985.

■ This court then must look to the agreement between these parties to determine the existence of rights and interests of the respective parties resulting from

that agreement. In this case, the agreement between the debtors and Cromley, provides that a default in payment by the debtors gave Cromley the right to elect to have the agreement convert to an agreement between the parties that became then a rental agreement between landlord and tenant.

This landlord-tenant relationship subsequently, under the terms of the agreement, was terminated by the landlord, Cromley, prior to the debtor's filing a petition for bankruptcy relief. The debtors then owned no equitable interest in the subject real estate on April 21, 1989, their petition date.

Under the specific terms of this particular agreement, this court finds that this agreement between Cromley and the debtors was an executory contract. In addition, the agreement between Cromley and the debtors, which is subject of this motion, was an executory contract which had been terminated prior to the debtors filing for relief under the Bankruptcy Code.

The law is clear in bankruptcy matters concerning executory contracts which have terminated prior to the debtors filing for relief pursuant to the Bankruptcy Code.

■ An executory contract or lease validly terminated prior to the institution of bankruptcy proceedings is not resurrected by the filing of the petition in bankruptcy. *Kopelman v. Halvajian (In re: Triangle Laboratories)*, 663 F.2d 463 (3d Cir.1981), citing *In re: Commodity Merchants, Inc.*, 538 F.2d 1260, 1263 (7th Cir.1976); *In re: GSVC Restaurant Corp.*, 10 B.R. 300, 302 (D.C.S.D.N.Y.1980); *In re: Youngs*, 7 B.R. 69, 71 (Bankr., D.Mass.1980); *In re: Mimi's of Atlanta, Inc.*, 5 B.R. 623, 627–29 (Bankr., N.D.Ga.1980), aff'd and remanded, 11 B.R. 710 (D.C.N.D.Ga.1981); *In re: Bronx–Westchester Mack Corp.*, 4 B.R. 730, 731 (Bankr., S.D.N.Y.1980); Fogel, *Executory Contracts and Unexpired Leases in the Bankruptcy Code*, 64 Minn.L.Rev. 341, 346 (1980).

As of the commencement of the case, on April 21, 1989, this court finds that the debtors held no rights to the subject real property. It then follows that the property did not become "property of the estate" under Section 541.

To so find comports with the well-settled principle that the mere filing of the petition for relief under the Bankruptcy Code does not expand the debtor's rights to property. *United States v. Whiting Pools*, 462 U.S. 198, 204 at n. 8, 103 S.Ct. 2309, 2313 at n. 8, 76 L.Ed.2d 515 (1983); *Cross Electric Company v. United States*, 664 F.2d 1218, 1220 (4th Cir.1981); *In re: Petersen*, 42 B.R. 39, 42 (Bkrtcy., D.Or.1984); *Cramer v. Markee*, 31 B.R. 429, 431 (Bkrtcy., D.Id. 1983).

■ This court is further of the belief that the eviction proceedings, commenced by Cromley, were not a necessary element or requirement in adjudicating and thereby terminating this agreement, but were necessary only in order to gain possession of the premises because the debtor would not leave. Consequently, any consideration by this court of the legal ramifications created by the debtors' appeal of the Magistrate's Order for Execution is likewise not necessary.

Because this court has found that the agreement was terminated prior to the debtor's filing, the subject real property agreement was not protected by the automatic stay. Nevertheless, in order to remove any cloud which may exist on this real property as a result of the debtor's filing the petition for relief, this court orders that any stay under Section 362(a) should be lifted for cause.

THEREFORE IT IS ORDERED:

(a) that the automatic stay of Section 362 is lifted for cause.

(b) the lessor may proceed with any additional remedies available to it in state court as it relates to this property.