697 S.E.2d 619

**SHERLOCK HOLMES PUB, INC.,** Plaintiff,

v.

**CITY OF COLUMBIA,** South Carolina; **HFB Associates, LLC; Enterprise Bank of South Carolina; London I, LLC; and Greenwall Construction Services, Inc.,** Defendants,

and

**Enterprise Bank of South Carolina,** Third–Party Plaintiff,

v.

**Rakesh "Rick" Patel,** Third–Party Defendant,

of whom **Enterprise Bank of South Carolina** is Respondent,

and

**London I, LLC and Rakesh "Rick" Patel** are Appellants.

No. 4694.

Court of Appeals of South Carolina.

Submitted March 1, 2010.

Decided June 2, 2010.

Rehearing Denied Aug. 26, 2010.

Louis H. Lang, of Columbia, for Appellants.

Johnston Cox, of Columbia, for Respondent.

THOMAS, J.

In this nonjury matter, the circuit court ordered Appellants London I, LLC, and Rakesh "Rick" Patel, the principal of London I, to pay attorney's fees and costs to Enterprise Bank of South Carolina (EBSC) pursuant to an indemnity provision in an assignment and assumption of leases. Appellants contend the indemnity provision did not cover legal expenses. We affirm.[1]

## FACTS AND PROCEDURAL HISTORY

On August 6, 2004, London I entered into an Agreement of Sale and Purchase with EBSC, under which London I agreed to purchase from EBSC property located in Columbia, South Carolina. The property is commonly known as the Palmetto Building and is located at the corner of Main and Washington Streets. The Purchase Agreement contained the following language:

> The parties recognize that the City of Columbia, its contractors and agents have planned, or are in the process of constructing, adjacent to the Property, significant streetscaping improvements and that the construction of these improvements might negatively affect the value and use of the Property. The risk of any negative impact on value and the cost and expense of any loss of use by Buyer or any tenants of the Property is the responsibility of Buyer. Buyer and Seller agree to release each other from and against any and all claims, losses, costs, expenses, and liabilities including reasonable attorneys' fees arising out of or by reason of such streetscaping improvements, together with any repairs or modifications to the basement required with connection herewith. This release includes, but is not limited to, claims for reductions in value, business interruption, water damage, injuries and property damage.

The transaction closed on September 16, 2004. Among the documents executed by EBSC, London I, and Patel during the closing was an Assignment and Assumption of Leases. Of

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

particular interest here is the following provision appearing in this document:

Notwithstanding anything stated herein to the contrary, Purchaser acknowledges that (a) basement of the subject property has been leased to Andrea Bailey Cooper d/b/a Sherlock Holmes Pub (the "Basement Tenant"), (b) there has been water damage to the basement which threatens the structural integrity of the basement, (c) the Basement Tenant has been forced to leave the basement due to the water and structural issues stated above, and (d) the Basement Tenant has not paid rent for three months and does not intend to pay rent until all alleged defects in the basement are cured. Purchaser hereby releases Seller from any and all claims for loss of damage which Purchaser may sustain arising as a consequence of the condition of the basement including, but not limited to, those resulting from claims and demands from the Basement Tenant or the City of Columbia. Further, Purchaser and its Principal, Rick Patel, hereby agree to indemnify and save harmless Seller from and against and [sic] and all losses, claims or damages suffered by or made against Seller as a consequence of the condition of the basement. Seller has reduced the purchase price by the sum of $100,000 as consideration for the release and indemnification contained herein, the receipt and sufficiency of which is acknowledged by the parties hereto.

On August 19, 2005, Sherlock Holmes Pub, the lessee referred to in the document, filed a civil action against the City of Columbia, EBSC, London I, and others on various causes of action concerning its lease of the basement of the Palmetto Building. In its responsive pleadings, EBSC asserted (1) a cross-claim against London I and (2) a third-party complaint against Patel. In both of these claims, EBSC alleged it was entitled to attorney's fees and costs associated with the claims asserted against it as well as any payment of damages it eventually would have to pay to Sherlock Holmes. Appellants timely responded to the claims.

EBSC eventually entered into a settlement with Sherlock Holmes, but incurred attorney's fees and costs in defending the lawsuit and sought to have those paid by Appellants pursuant to the indemnity provision of the assignment. Although Appellants did not dispute they owed $7,000.00 to

EBSC as indemnification for the amount EBSC paid to settle the matter, they denied any further indemnity obligation.

The circuit court found the indemnity agreement required Appellants to pay EBSC reasonable attorney's fees of $30,000.00 and costs of $3,518.57. Both sides moved to alter or amend the judgment. The circuit court denied Appellants' motion; however, it granted EBSC's motion to include in the award the sum it paid to settle the underlying lawsuit.

## ISSUE

The sole issue on appeal is whether the circuit court erred in awarding attorney's fees and costs to EBSC pursuant to the assignment and assumption of leases in view of the fact that attorney's fees and costs were not specifically referenced in the indemnity provision of the document.

## STANDARD OF REVIEW

"Generally, an action to construe a contract is one at law." *Ward v. W. Oil Co.*, 379 S.C. 225, 238, 665 S.E.2d 618, 625 (Ct.App.2008). "An action to construe a contract is an action at law reviewable under an 'any evidence' standard." *Pruitt v. S.C. Med. Malpractice Liab. Joint Underwriting Ass'n*, 343 S.C. 335, 339, 540 S.E.2d 843, 845 (2001). "In an action at law, tried, without a jury, the appellate court's standard of review extends only to the correction of errors of law." *Pope v. Gordon*, 369 S.C. 469, 474, 633 S.E.2d 148, 151 (2006).

## LAW/ANALYSIS

Appellants contend that the failure to provide specifically for attorney's fees and costs in the indemnity terms of the assignment prevents EBSC from recovering these expenses. In support of their position, they emphasize that their indemnity obligation is contractual rather than equitable and therefore must be strictly construed.

We agree the indemnity obligation at issue here arises out of contract and for that reason is subject to strict construction; however, we do not believe the rule of strict construction requires an indemnity provision to include an itemized listing

of covered losses. On at least two prior occasions, the South Carolina Supreme Court has indicated that the absence of any specific mention of attorney's fees and legal costs in an indemnity provision does not absolve an indemnitor from paying these expenses. *See Addy v. Bolton*, 257 S.C. 28, 33, 183 S.E.2d 708, 710 (1971) (quoting with approval authority supporting the proposition that when the duty to indemnify arises under a contract, the indemnitee may recover reasonable attorney's fees in defending the claim indemnified against); *S.C. Elec. & Gas Co. v. Util. Constr. Co.*, 244 S.C. 79, 83–85, 135 S.E.2d 613, 614–15 (1964) (affirming the circuit court's ruling that the plaintiff was entitled to indemnification "by reason of the express contract of indemnity" and the award of "the full amount prayed for," which included attorney's fees, even though the indemnity clause did not specifically mention counsel fees). We realize that the court, when issuing these rulings, was not directly responding to the question raised in the present appeal, namely, whether counsel fees and legal costs are covered by an indemnity clause that does not specifically include these expenses. Nevertheless, these rulings are directly on point regarding the controversy before us, and we are therefore reluctant to disregard them. *See Yaeger v. Murphy*, 291 S.C. 485, 490 n. 2, 354 S.E.2d 393, 396 n. 2 (Ct.App.1987) ("But those who disregard dictum, either in law or in life, do so at their peril.").

In upholding the circuit court's determination that EBSC was entitled to recover attorney's fees and costs pursuant to the indemnity provision of the assignment, we concur in the circuit court's reliance on *Dent v. Beazer Materials & Services*, 993 F.Supp. 923, 939 (D.S.C.1995), in which the South Carolina District Court allowed a lessor to recover "attorneys' fees, settlement costs, and all other allowable costs" pursuant to a lease indemnity provision that required the lessee to "hold the lessor harmless for any claim made against the lessor arising out of the use of the leased premises." Although, as Appellants argue, the District Court cited decisions concerning equitable indemnification rather than contractual indemnification in support of its decision, the holding in *Dent* is consistent with cases from other jurisdictions and other persuasive authority. *See, e.g., S. Ry. v. Arlen Realty*, 220 Va. 291, 257 S.E.2d 841, 844 (1979) (noting the majority of jurisdictions

follow the rule that when "the right of the indemnitee is based upon an express contract, *and no provision of the contract provides otherwise,* . . . the indemnitee may recover reasonable attorney's fees and expenses of litigation spent in defense of the claim indemnified against") (emphasis added); 42 C.J.S. *Indemnity* § 44 (2007) ("[W]here the duty to indemnify is either implied by law or arises under contract, and no personal fault of the indemnitee has joined in causing the injury, reasonable attorney's fees incurred in resisting the claim indemnified against may be recovered as part of the damages and expenses.").

▮ Appellants also contend the fact that the release provision in the Purchase Agreement expressly included recovery by the indemnitee of attorney's fees and costs demonstrates that the parties intended to exclude these items from the indemnity provision. We disagree. First, Appellants have not argued to this Court that the indemnity provision was ambiguous; therefore, there is no need to "look beyond the four corners to discern the parties' intentions." *Silver v. Aabstract Pools & Spas*, 376 S.C. 585, 592, 658 S.E.2d 539, 543 (Ct.App.2008). Second, even if we were to consider circumstances outside the agreement, under our standard of review, we would not consider the specific mention of these terms in another agreement between the parties dispositive of the question of the parties' intent even though it is arguably evidence supporting Appellants' position. Finally, the indemnity provision at issue here, which includes "losses, claims or damages suffered by" as well as those "made against" EBSC, is, if anything, even more open to the interpretation that attorney's fees and costs are covered than is the analogous provision in *Dent*.[2]

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's decision that notwithstanding the absence of any specific

---

2. We also agree with EBSC that the indemnity clause at issue in this appeal is distinguishable from the indemnity agreement in *BP Oil v. Federated Mutual Insurance Co.*, 329 S.C. 631, 496 S.E.2d 35 (Ct.App. 1998), which Appellants have cited in their brief. In that case, the particular indemnity provision under which this Court rejected the indemnitee's claim for attorney's fees included only *"liabilities* for loss," rather than the loss itself. *Id.* at 641, 496 S.E.2d at 40.

references to attorney's fees and costs in the indemnity provision of the parties' agreement, EBSC is entitled to recover these expenses pursuant to the terms of the assignment.

**AFFIRMED.**

HUFF and KONDUROS, JJ., concur.