708 S.E.2d 821

**SUNTRUST BANK s/b/m National Bank of Commerce, including its Division, Central Carolina Bank, Appellant,**

**v.**

**Brandy K. BRYANT a/k/a Brandy K. McGarthy, Arnold L. Bryant, Phyllis W. Davis and Stephen Ford, as Spartanburg County Tax Collector, Defendants,**

**Of whom Phyllis W. Davis is the Respondent.**

**No. 4815.**

Court of Appeals of South Carolina.

Submitted March 1, 2011.

Decided April 6, 2011.

Rehearing Denied May 26, 2011.

Dean A. Hayes, of Columbia, for Appellant.

Daniel R. Hughes and John B. Duggan, both of Greenville, for Respondent.

LOCKEMY, J.

In this appeal, SunTrust Bank s/b/m National Bank of Commerce, including its division, Central Carolina Bank (Sun-Trust) argues the master-in-equity erred in finding Phyllis Davis's judgment lien was entitled to priority over its purchase money mortgage in the distribution of the overage from a tax sale of the real property subject to the purchase money mortgage. We reverse.

## FACTS

On February 12, 2001, Davis obtained a judgment against Arnold Bryant in the amount of $5,205.46. On April 27, 2001, Arnold Bryant and Brandy Bryant purchased real property located at 10 20th Street in Greer, South Carolina (the Property) using the proceeds of a loan given by Central Carolina Bank (Central Carolina). During the loan closing, Arnold Bryant and William Edwards executed and delivered to Central Carolina a promissory note in the amount of $27,846.76. The note was secured by a mortgage executed by the Bryants on April 27, 2001, and recorded on May 1, 2001. SunTrust is the successor in interest to Central Carolina.

On November 5, 2006, Stephen Ford, as Spartanburg County Tax Collector, sold the Property at a public tax sale to Equifunding, Inc. (Equifunding) for non-payment of the 2005 taxes. On March 8, 2008, a tax deed was issued conveying the Property to Equifunding. The tax sale of the Property resulted in an overage of $8,832.87.

On August 26, 2008, SunTrust filed a complaint against the Bryants, Davis, and Ford seeking the entire overage amount from the tax sale. SunTrust alleged it held a purchase money mortgage executed by the Bryants, and the principal balance

owed on the note to SunTrust was in excess of $13,000. SunTrust maintained it was entitled to the overage under either the contractual language of the mortgage or an equitable lien theory. Neither the Bryants nor Ford answered the complaint. Davis answered SunTrust's complaint and denied SunTrust's purchase money mortgage was entitled to priority over her judgment.

On December 16, 2008, SunTrust filed a motion for summary judgment. On December 17, 2008, the case was referred to the master-inequity by consent order of reference. At the hearing on SunTrust's summary judgment motion, the master determined SunTrust's purchase money mortgage was not entitled to priority over Davis's judgment. The master found, however, that because Davis's judgment was only against Arnold Bryant and the Property was owned by Arnold Bryant and Brandy Bryant as joint tenants with the right of survivorship, the $8,832.87 overage should be divided equally between SunTrust and Davis. In the final order filed on May 5, 2009, the master ordered the overage be divided between SunTrust and Davis and found SunTrust "had the opportunity to foreclose its mortgage on the [P]roperty but chose not do so" and "thus, after the [P]roperty was sold ... SunTrust lost any security interest therein."[1] In July 2009, the master denied SunTrust's motion to alter or amend. This appeal followed.

## STANDARD OF REVIEW

■■ An action to establish lien priorities is an action in equity. *Fibkins v. Fibkins,* 303 S.C. 112, 115, 399 S.E.2d 158, 160 (Ct.App.1990). The appellate court's standard of review in equitable matters is our own view of the preponderance of the evidence. *Williams v. Wilson,* 349 S.C. 336, 339–40, 563 S.E.2d 320, 322 (2002).

## LAW/ANALYSIS

■ SunTrust argues the master erred in finding Davis's judgment was entitled to priority over its purchase money mortgage. We agree.

---

1. The final order does not mention the master's reasoning from the hearing that Davis was only entitled to priority on Arnold Bryant's one-half interest in the Property.

■■  "A purchase money mortgage is recognized at common law and in equity where a purchaser of land, contemporaneous with the acquisition of the legal title or afterward, but as a part of the same transaction, executes a mortgage to secure the purchase money." *Hursey v. Hursey,* 284 S.C. 323, 327, 326 S.E.2d 178, 180 (Ct.App.1985). "It is accorded priority over all other claims or liens arising through the mortgagor although they are prior in time to the execution of the purchase money mortgage." *Id.* "The rationale for this special priority is that the mortgagor's interest in the property is made possible by the purchase money loan, so that the mortgage should come ahead of other interests that attach merely because the mortgagor acquires the property." *South Carolina Federal Sav. Bank v. San–A–Bel Corp.,* 307 S.C. 76, 80, 413 S.E.2d 852, 855 (Ct.App.1992).

■  SunTrust contends that although Davis's judgment was filed first, its mortgage is entitled to priority by virtue of its purchase money status. Davis argues SunTrust was not entitled to the same priority as to the proceeds from the sale of the Property as to the Property itself. Davis maintains SunTrust failed to assert its right to redeem and therefore lost its right to assert priority over Davis's previously recorded judgment.[2]

First, we note neither party cites case law in their briefs addressing the issue before this court. While SunTrust cites *Knapp v. Victory Corp.,* 279 S.C. 80, 302 S.E.2d 330 (1983), *Twin City Power Co. v. Savannah River Elec. Co.,* 163 S.C. 438, 161 S.E. 750 (1930), and *FCX, Inc. v. Long Meadow Farms, Inc.,* 269 S.C. 202, 237 S.E.2d 50 (1977), in support of its argument that purchase money mortgages are entitled to priority over previously filed judgment liens with regard to proceeds from a tax sale, we find these cases do not support SunTrust's contention. None of the cases relied upon by SunTrust involve tax sales or purchase money mortgages.

---

2. Davis failed to cite any authority to support this argument. Therefore, Davis abandoned this issue on appeal, and we decline to consider the argument. *See Bennett v. Investors Title Ins. Co.,* 370 S.C. 578, 599, 635 S.E.2d 649, 660 (Ct.App.2006) (holding that issues raised in a brief but not supported by authority are deemed abandoned and will not be considered on appeal).

We find SunTrust's mortgage is entitled to priority over Davis's judgment. Although Davis's judgment was filed prior to the execution of SunTrust's mortgage, purchase money mortgages are accorded priority over all other liens arising through the mortgagor. *See Hursey,* 284 S.C. at 327, 326 S.E.2d at 180. Furthermore, SunTrust's purchase money mortgage made the Bryants' interest in the Property possible. *See San–A–Bel,* 307 S.C. at 80, 413 S.E.2d at 855 (holding the rationale for granting purchase money mortgages priority over all other liens is that the mortgagor's interest in the property is made possible by the purchase money loan). If SunTrust had not given the purchase money loan to the Bryants, there would have been no property to be sold at the tax sale, and therefore, no overage. Accordingly, we find SunTrust is entitled to the entire tax sale overage.

## CONCLUSION

We reverse the master's determination that SunTrust and Davis are each entitled to one-half of the tax sale overage. We find SunTrust's purchase money mortgage has priority over Davis's judgment, and thus, SunTrust is entitled to the entire overage.

**REVERSED.**

WILLIAMS and GEATHERS, JJ., concur.