**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

|  |  |
|---|---|
| DeShields Grading, Inc., | Respondent, |
| v. |  |
| Ford Trust; Maurice Andre Smith and Perry S. Luthi, Sr., as co-trustees of Ford Trust dated April 8, 2010; Maurice Andre Smith, Individually; Peggy D. Taylor, Individually; Luthi Mortgage Co., Inc, d/b/a First Palmetto Trust; Investments One, LLC; Reserve Woodfin HOA and Elite Concrete Construction, LLC, | Defendants, |
| of whom Luthi Mortgage Co., Inc., d/b/a First Palmetto Trust is | Appellant, |
| and Elite Concrete Construction, LLC, is | Respondent. |

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

_____

Memorandum Opinion No.   2012-MO-020
Heard April 5, 2012 – Filed June 6, 2012

_____

**AFFIRMED**

_____

David G. Ingalls and Paul A. McKee, III, both of Spartanburg, for Appellant.

John T. Crawford, Jr. and Townes B. Johnson III, both of Kenison, Dudley & Crawford,  of Greenville; Nathan A. Earle, of Travelers Rest, for Respondents.

_____

**PER CURIAM**:  Luthi Mortgage Co., d/b/a First Palmetto Trust (First Palmetto) appeals from the master-in-equity's order granting priority to Elite Concrete Construction, LLC's and DeShields Grading, Inc.'s judgments over First Palmetto's purchase money mortgage.   First Palmetto argues its purchase money mortgage has priority or should be equitably subrogated to a previous purchase money mortgage held by a third party.   In addition, First Palmetto argues its principal had no notice of any fraudulent subordination of judgments.   We affirm the master's decision pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. Priority: *S.C. Fed. Sav. Bank v. San-A-Bel Corp.*, 307 S.C. 76, 80, 413 S.E.2d 852, 855 (1992) (discussing the rationale for purchase money mortgages); *SunTrust Bank v. Bryant*, 392 S.C. 264, 268, 708 S.E.2d 821, 823 (Ct. App. 2011) ("[P]urchase money mortgages are accorded priority over all other liens *arising through the mortgagor*." (emphasis added)).

2. Equitable Subrogation: *Dedes v. Strickland*, 307 S.C. 155, 158, 414 S.E.2d 134, 136 (1992) ("A party may be equitably subrogated to the rights of an earlier creditor if: (1) the party claiming subrogation has paid the debt owed to the earlier creditor; (2) the party was not a volunteer but had a direct interest in the discharge of the debt or lien; (3) the party was secondarily liable for the debt or for the discharge of the lien; and (4) no injustice will be done to the other party by the allowance of the equity."); *Dodge City of Spartanburg, Inc. v. Jones*, 317 S.C. 491, 494, 454 S.E.2d 918, 920 (Ct. App. 1995) ("The party claiming subrogation must not have actual knowledge of any intervening lien creditors.").

3. Notice: *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting an issue not argued in the brief is deemed abandoned and precludes consideration on appeal).

**AFFIRMED**.

**PLEICONES, ACTING CHIEF JUSTICE, BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur.**