**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

F.M. Haynie d/b/a Docwild's General Contractor,
Appellant,

v.

Paul E. Cash and Carole S. Cash, Respondents.

Appellate Case No. 2012-210746

Appeal From Richland County
Joseph M. Strickland, Master-In-Equity

Unpublished Opinion No. 2013-UP-489
Submitted October 1, 2013 – Filed December 23, 2013

**AFFIRMED**

F.M. Haynie, pro se, of Columbia.

Catharine H. Garbee Griffin, of Baker Ravenel & Bender, LLP, of Columbia, for Respondents.

**PER CURIAM:** F.M. Haynie d/b/a Docwild's General Contractor (Haynie) appeals the master-in-equity's order, arguing the master erred by (1) finding the contract was a sum certain contract, (2) denying damages to Haynie under the

theory of quantum meruit, (3) awarding damages to Paul Cash and Carole Cash (the Cashes), and (4) adopting the Cashes' proposed order.  We affirm.

1. The master did not err in concluding the parties' contract was for a sum certain. The March 2, 2007 letter from Haynie to the Cashes served as an offer, and the parties made counteroffers through oral negotiations.  The master found the parties eventually orally agreed the cost of the shed would be for a sum certain of $35,000 with the cost of the windows and doors to be added once those items were selected. *See Gaskins v. Firemen's Ins. Co. of Newark, N.J.*, 206 S.C. 213, 216, 33 S.E.2d 498, 499 (1945) (noting that if there is a meeting of the minds with regard to the essential elements of a contract, it is immaterial whether the contract is written or oral).  The master's finding is supported by evidence of the parties' intent.  *See U.S. Bank Trust Nat'l Ass'n v. Bell*, 385 S.C. 364, 374, 684 S.E.2d 199, 204-05 (Ct. App. 2009) ("When interpreting an oral contract, a court must give effect to the intentions of the parties.  The determination of the parties' intent is a question of fact." (citations omitted)).  Haynie's ledger, spreadsheets, and internal documents reference a contract price of $35,000, and Cash noted the cost of the project was $35,000 in his ledger.  During the course of building the shed, the parties orally agreed to changes and upgrades to the initial scope of work.  *See Roberts v. Gaskins*, 327 S.C. 478, 483, 486 S.E.2d 771, 773 (Ct. App. 1997) ("A contract is an obligation which arises from [an] actual agreement of the parties manifested by words, oral or written, or by conduct.").  The parties agreed on the cost for each change or upgrade, and the Cashes paid Haynie accordingly.  Thus, based upon our "any evidence" standard of review, the master did not err by concluding the contract was for a sum certain of $35,000, with subsequent oral modifications.  *See Sherlock Holmes Pub, Inc. v. City of Columbia*, 389 S.C. 77, 81, 697 S.E.2d 619, 621 (Ct. App. 2010) ("An action to construe a contract is an action at law reviewable under an any evidence standard." (internal quotation marks omitted)).

2. The master did not err in denying damages to Haynie under the theory of quantum meruit.  Because the master properly concluded the parties had an express contract, Haynie cannot recover under quantum meruit.  *See Earthscapes Unlimited, Inc. v. Ulbrich*, 390 S.C. 609, 616, 703 S.E.2d 221, 225 (2010) ("Absent an express contract, recovery under quantum meruit is based on quasi-contract.").  Further, Haynie cannot establish a claim under quantum meruit because he failed to prove the Cashes unjustly retained a benefit without paying for it.  *See id.* at 616-17, 703 S.E.2d at 225 ("To establish a claim of quantum meruit, the plaintiff must prove: (1) a benefit conferred upon the defendant by the plaintiff; (2)  realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it without

paying its value.").  Haynie failed to provide an accurate estimate because he based his opinion on the value of the shed on the erroneous premise that the shed was a residential, conventional, or recreational dwelling.  However, Haynie admitted the Cashes cannot occupy the shed because it does not have a kitchen or full bath.  Thus, Haynie failed to meet his burden of proof to establish a claim for damages under quantum meruit.

3. The master did not err in awarding $4,135 in damages to the Cashes.  The record contains evidence Haynie failed to meet the proper standard of care when installing the septic tank and the shingles to the shed.  *See Doe v. Marion*, 373 S.C. 390, 400, 645 S.E.2d 245, 250 (2007) ("To prove negligence, a plaintiff must show: (1) defendant owes a duty of care to the plaintiff; (2) defendant breached the duty by a negligent act or omission; (3) defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) plaintiff suffered an injury or damages."); *Smith v. Breedlove*, 377 S.C. 415, 422, 661 S.E.2d 67, 71 (2008) ("A builder who contracts to construct a dwelling impliedly warrants that the work undertaken will be performed in a careful, diligent, workmanlike manner.").  Mr. Cash testified he paid $1,975 to replace the septic tank in the shed because Haynie did not install it according to code and it overflowed into the shed.  Replacing the defective septic tank also damaged the Cashes' sprinkler system, which cost an additional $1,590 to repair.  Finally, Mr. Cash testified Haynie's improper installation of the shingles caused the shed to rot from water pooling.  The Cashes paid $585 to replace the shingles.  Therefore, the master properly awarded $4,135 in damages to the Cashes.

4. Haynie argues the master erred in adopting the Cashes' proposed order.  This issue is not preserved because Haynie raises it for the first time on appeal.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.