**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Ray Ward, Respondent,

v.

South Carolina Department of Corrections, Appellant.

Appellate Case No. 2018-001325

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

Unpublished Opinion No. 2022-UP-372
Submitted September 21, 2022 – Filed October 12, 2022

**AFFIRMED**

Lake Eric Summers, of Malone Thompson Summers & Ott, LLC, of Columbia, for Appellant.

Julius Holman Hines, of Hines & Gilsenan LLC, of North Charleston, for Respondent.

**PER CURIAM:** The South Carolina Department of Corrections (SCDC) appeals an order of the Administrative Law Court (ALC) reversing and remanding SCDC's final decision regarding William Ray Ward's inmate pay. On appeal, SCDC argues (1) the procedure by which the ALC fashioned its ruling was imbued with evidentiary error because the ALC erroneously found the contract between SCDC

and the private industry sponsor was not properly included in the record but then contradictorily relied upon it when it ruled on Ward's claim; (2) the procedure by which the ALC fashioned its ruling was imbued with evidentiary error because SCDC's rulings on Ward's grievances, in which it referenced the contract between SCDC and the private industry sponsor, constituted legitimate evidence in the record to support its argument; (3) the procedure by which the ALC fashioned its ruling was imbued with evidentiary error because Ward did not meet the burden mandated by our supreme court from *Torrence v. South Carolina Department of Corrections*[1]; (4) the procedure by which the ALC fashioned its ruling was imbued with evidentiary error because the ALC erroneously failed to remand Ward's back pay claim to SCDC; (5) the ALC erroneously relied on dicta in *Torrence* when reversing its denial of Ward's back pay claim; (6) the ALC erroneously found the workers' compensation premium that SCDC charged the private industry sponsor was part of Ward's gross wages; (7) the ALC erroneously found the social security withholding payment that SCDC charged the private industry sponsor was part of Ward's gross wages; and (8) the ALC erroneously found the "SCDC Surplus Fund Amount" that SCDC charged the private industry sponsor was part of Ward's gross wages. We affirm.[2]

As to issues 2, 3, 4, 6, 7, and 8, we hold the ALC did not err in finding the money SCDC received from the private industry sponsor, including the social security withholding payment, workers' compensation premium, and the "SCDC Surplus Fund Amount," constituted Ward's gross wages. *See Kiawah Dev. Partners, II v. S.C Dep't of Health & Env't Control*, 411 S.C. 16, 28, 766 S.E.2d 707, 715 (2014) ("In an appeal from an ALC decision, the Administrative Procedures Act provides the appropriate standard of review."); *S.C. Dep't of Corr. v. Mitchell*, 377 S.C. 256, 258, 659 S.E.2d 233, 234 (Ct. App. 2008) ("Section 1-23-610 of the South Carolina Code ([Supp. 2021]) sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency."); § 1-23-610(B) ("[An appellate] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *id.* (stating, however, when reviewing an ALC decision, an appellate court "may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial

---

[1] 373 S.C. 586, 594 n.4, 646 S.E.2d 866, 870 n.4 (2007).

[2] The facts of the case are not in dispute.

evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); *Torrence*, 373 S.C. at 594 n.4, 646 S.E.2d at 870 n.4 ("[I]f [inmates] prove true their allegation that [SCDC] removes any of the money remitted by the private industry sponsor and then disburses the percentages listed in section 24-3-40 [of the South Carolina Code (Supp. 2021)] based on the **lower** rate, [SCDC] would be in violation of the plain language of the statute which directs it to disburse the money based on the gross wages."); *Gatewood v. S.C. Dep't of Corr.*, 416 S.C. 304, 317 n.8, 785 S.E.2d 600, 607 n.8 (Ct. App. 2016) (noting our supreme court addressed "gross wages" as used in section 24-3-40 in the footnote in *Torrence* and finding our supreme court "viewed the amount paid by the industry sponsor to SCDC as the gross wages").

As to issue 5, we hold the ALC properly relied on the footnote in *Torrence* when determining whether the workers' compensation premium, social security withholding payment, and "SCDC Surplus Fund Amount" were part of Ward's gross wages. *See Sherlock Holmes Pub, Inc. v. City of Columbia*, 389 S.C. 77, 82, 697 S.E.2d 619, 621 (Ct. App. 2010) (expressing reluctance to disregard rulings that were dicta when the rulings were directly on point); *id.* (noting "those who disregard dictum, either in law or in life, do so at their peril" (quoting *Yaeger v. Murphy*, 291 S.C. 485, 490 n.2, 354 S.E.2d 393, 396 n.2 (Ct. App. 1987))).

As to issue 1, we hold SCDC failed to show prejudice from any potential error in the ALC finding the contract was not properly included in the record but subsequently relying on it when ruling on Ward's claim because SCDC attached the contract to its brief to the ALC as support for its arguments. *See Synder's Auto World, Inc. v. George Coleman Motor Co.*, 315 S.C. 183, 186, 434 S.E.2d 310, 312 (Ct. App. 1993) (stating an appellant is required to show both error and prejudice in order for an appellate court to reverse a court's ruling); *see also Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 476, 629 S.E.2d 653, 670 (2006) ("[A] party may not complain on appeal of error . . . which his own conduct has induced.").

**AFFIRMED.**[3]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.