**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joe Hand Promotions, Inc., Appellant,

v.

Christopher Michael Ruegsegger a/k/a Chris Ruegsegger, Founders Federal Credit Union, and Springleaf Financial Services, Defendants,

Of which Founders Federal Credit Union is the Respondent.

Appellate Case No. 2019-002071

───────────────

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

───────────────

Unpublished Opinion No. 2023-UP-056
Heard December 7, 2022 – Filed February 8, 2023

───────────────

**AFFIRMED**

───────────────

Leonard R. Jordan, Jr., of Jordan Law Firm, of Columbia, for Appellant.

Suzanne G. Grigg, of Nexsen Pruet, LLC, of Columbia, for Respondent.

───────────────

**PER CURIAM:**  This appeal arises from a foreclosure action regarding Christopher M. Ruegseggar's home located at 721 Jordan Creek Road, Inman, South Carolina.  Joe Hand Promotions, Inc. (Joe Hand) was a third-in-line judgment creditor of Ruegseggar, who owned an undivided one-half interest in the property.  Joe Hand appeals the master-in-equity's denial of its request to have its lien elevated to first priority under the doctrine of superior diligence.  We affirm.

1.  As to Joe Hand's arguments it met the criteria for the master to apply the doctrine of superior diligence, we conclude the master did not err in finding the application of the doctrine was not appropriate under the particular circumstances of this case.[1]  *See FCX, Inc. v. Long Meadow Farms, Inc.*, 269 S.C. 202, 208-09, 237 S.E.2d 50, 52-53 (1977) (denying a request for elevation under the doctrine of superior diligence and noting "[t]he case at bar d[id] not involve the uncovering of an unknown asset"); *id.* at 208-09, 237 S.E.2d at 53 ("While recognizing the equitable principle [of superior due diligence] stated in *Ex Parte Roddey*, [171 S.C. 489, 172 S.E. 866 (1934),] we are of the opinion that it should be sparingly applied."); *id.* at 209, 237 S.E.2d at 53 (noting the party seeking the application of superior diligence had been paid its expenses and attorney's fees).

2.  As to Joe Hand's argument the liens in this case were not inalterably fixed by their date of filing, we conclude the master correctly determined the priority of the liens was so fixed.[2]  *See* S.C. Code Ann. § 15-35-810 (2005) (providing "[f]inal judgments and decrees entered in any court of record in this State . . . shall constitute a lien upon the real estate of the judgment debtor . . . the lien to begin from the time of such entry on the book of abstracts and indices"); *FCX, Inc.*, 269 S.C. at 206-07, 237 S.E.2d at 52 (referencing section 15-35-810 and stating "[i]f Long Meadow Farms had held legal title to the real estate, then, under established law, the judgments would constitute a lien upon the real estate in the order of their filing and there would be no question of priority"); *Sherlock Holmes Pub, Inc. v. City of Columbia*, 389 S.C. 77, 82, 697 S.E.2d 619, 621 (Ct. App. 2010) (expressing reluctance to disregard rulings that were dicta when the rulings were directly on point); *Yaeger v. Murphy*, 291 S.C. 485, 490 n.2, 354 S.E.2d 393, 396 n.2 (Ct. App. 1987) ("[T]hose who disregard dictum, either in law or in life, do so at their peril."), *overruled on other grounds by Paradis v. Charleston Cnty. Sch. Dist.*, 433 S.C. 562, 861 S.E.2d 774 (2021).

---

[1] This section addresses Joe Hand's Issues on Appeal I, IV, V, and VII.
[2] This section addresses Joe Hand's Issues on Appeal II and III.

3. As to Joe Hand's argument liens against Ruegseggar's half-interest previously owned by his wife attached simultaneously, we find this issue is not preserved. *See Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e) [,SCRCP,] to present to the court an issue the party could have raised prior to judgment but did not."); *id*. at 456-57, 392 S.E.2d at 482 ("I do not conceive of [the Federal Rule of Civil Procedure] 59(e) as serving the office of providing a disappointed suitor with a post-judgment opportunity to argue that which could have been argued pre-judgment." (quoting *Johnson v. City of Richmond*, 102 F.R.D. 623, 623 (E.D. Va. 1984))).

**AFFIRMED.**

**KONDUROS, HEWITT, and VINSON, JJ., concur.**